IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALICIA DAWN RALPH                                                    PLAINTIFF

           v.                        CIVIL NO.:11-2253

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                       DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     Procedural Background:**

Plaintiff, Alicia Ralph, appealed the Commissioner's denial of benefits to this court. On December 5, 2012, an Order was entered remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 11. On February 19, 2012, Plaintiff filed a Motion for Attorney Fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 33.90 attorney hours at an hourly rate of $156.00 and $25.85 in expenses. ECF No. 12-5. The Commissioner filed a timely response, objecting to (a) a total of 8.30 of the hours requested as being excessive, (b) a total of 0.65 attorney hours as being clerical in nature, and (c) Plaintiff's requested that her attorney fees be made payable to her attorney. ECF No. 14. In response, Plaintiff filed a Motion to Amend/Correct her EAJA motion and a reply to the Commissioner response requesting that her hourly rate be increased from $156.00 to $220.00, to which the Commissioner objected. ECF Nos. 15, 16, 17, 18.

Subsequently, the undersigned scheduled a hearing on Plaintiff's motion, which was set for April 16, 2013. Following notice of the hearing, Plaintiff's attorney filed a Second Motion to Amend/Correct, wherein she reduced her hourly rate to $179.31 and reduced her compensable hours from 33.90 to 27.90 for a total fee request of $5028.60. ECF No. 20. The Commissioner then filed a response withdrawing

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

all of her remaining objections. ECF No. 21. Since there are no longer any issues in dispute, the hearing has been cancelled and the undersigned now enters this report and recommendation.

**II.     Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. §

2

2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v.*

3

*Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index

### III.  Discussion:

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 10-11. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF Nos. 14, 18, 21. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

Plaintiff requests a total award of $5,028.60 under the EAJA. Specifically, she requests these fees be paid at an hourly rate of $179.31 for work performed in 2011, 2012, and 2013. Although the Commissioner does not object to this rate, it is in excess of the hourly rate authorized by this Court for 2011. This court has previously authorized only $174.00 per hour for work performed in 2011. The rate requested is, however, authorized for 2012 and 2013. Accordingly, Plaintiff will be awarded $174.00 per hour for work performed in 2011 and $179.31 for work performed in 2012 and 2013.

Next, the court addresses the number of hours Plaintiff's counsel claims she spent working on this case. We have reviewed counsel's itemization of time appended to Plaintiff's application. Plaintiff seeks reimbursement for a total of 27.90 attorney hours. The undersigned finds that the requested time is reasonable and awards the full 27.90 hours.

In addition to attorney hours, Plaintiff also seeks reimbursement for $25.85 in out-of-pocket expenses incurred with regard to postage. Such expenses are recoverable under the EAJA, and the undersigned finds $25.85 to be a reasonable award. *.See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988). Therefore, we recommend awarding the Plaintiff $5,006.83 in attorney's fees pursuant to the

EAJA, representing 4.10 attorney hours in 2011 at an hourly rate of $174.00 and 23.80 hours in 2012 and 2013 at an hourly rate of $179.31, and $25.85 in out-of-pocket expenses.

Plaintiff requests that the EAJA award be made payable directly to her counsel, however, pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. But, in keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

The parties are further reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

### IV. Conclusion:

Based upon the foregoing, the Court recommends awarding Plaintiff **$5,006.83** pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

Dated this 10th day of April 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)